IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

HEIDI BAKER,

           Plaintiff,

vs.

SYNCHRONY FINANCIAL,

           Defendant.

_____/

Civil Action No. _____

**(Removed from the State Court of Hillsborough County, Florida; Case No.: 16-CC-004350 Division I)**

## NOTICE OF REMOVAL

Defendant Synchrony Bank, erroneously identified as Synchrony Financial ("Synchrony" or "Defendant") by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby notices removal of the state court civil action known as *Heidi Baker v. Synchrony Financial, Case No.: 16-CC-004350 Division I*, from the State Court of Hillsborough County Florida to the United States District Court for the Middle District of Florida.  Removal is warranted under 28 U.S.C. § 1441 because this action is based on a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331.  In support of removal, Synchrony states as follows:

1.     As more fully set forth below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal questions jurisdiction).  Therefore, this action is removable pursuant to 28 U.S.C. § 1441.

2.     On or about February 9, 2016, Plaintiff, Heidi Baker ("Plaintiff") filed a Complaint ("Complaint") against Defendant in the State Court of Hillsborough County, Florida.  Consistent with 28 U.S.C. §1446(a), true and correct copies of the Complaint, additional state court filings and the state court on-line docket sheet are attached hereto as Composite Exhibit "A".

3.      On February 17, 2016 a copy of the Complaint was served on Synchrony.  Except for the notice filed with respect to this Notice of Removal, as of the date of this filing, no pleadings or motions other than the Complaint have been filed.

4.      Removal of this action is proper under 28 U.S.C. § 1446 because:

    a.  this Notice of Removal is being filed within thirty (30) days of Defendant's receipt (through service or otherwise) of the Complaint;

    b.  this Notice of Removal is being filed within one (1) year of February 9, 2016, the date of commencement of the action for removal purposes;

    c.  Defendant has not previously sought similar relief; and

    d.  copies of all process, pleadings, and orders served upon Defendant are attached as Composite Exhibit A.

5.      The Complaint purports to assert claims under the Telephone Consumer Protection Act, ("TCPA"), 47 U.S.C. § 227, *et seq.* and alleged an entitlement to damages under that statute.  *See* Complaint ¶¶ 25-29.

6.      This Court has subject-matter jurisdiction over the Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

7.      To the extent that Plaintiff asserts any related state-law claims, this Court may also exercise supplemental jurisdiction over any such pendent parties and any pendent state-law claims pursuant to 28 U.S.C. § 1367(a) because all of those claims are so related to Plaintiff's federal statutory claims that they form part of the same case or controversy.

8.      Therefore, this civil action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (c).

9.      Accordingly, this Court has original jurisdiction, and, pursuant to 28 U.S.C. §§ 1441 and 1446, removal of the above-styled state court action to this Court is proper.

10.    Venue for removal of this action to this Court is proper because it is the district court of the United States for the district and division in which the state civil action being removed is pending within the meaning of 28 U.S.C. § 1441 and § 1446(a).

11.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed concurrently with the State Court of Hillsborough County, Florida, and notice is also being provided to Plaintiff.

12.    Defendant reserves the right to amend or supplement this Notice of Removal.

13.    A true and correct copy of this Notice of Removal will be served upon all parties of this action and the State Court of Hillsborough County, Florida promptly after the filing of this Notice, in accordance with the certificate set forth below and with the requirements of law. The clerk of the aforesaid State Court shall effect the removal and the State Court shall proceed no further unless the case is remanded, as provided by law.

WHEREFORE, Defendant Synchrony Bank, erroneously identified as Synchrony Financial respectfully requests that the above referenced action, originally filed in the State Court of Hillsborough County, Florida, be removed under 28 U.S.C. 1331, based on subject matter jurisdiction, to this Court pursuant to 28 U.S.C. § 1441.

DATED:  March 17, 2016

Respectfully submitted,

/s/ *Jessica B. Reyes*
Laudy Luna Perez (FBN 044544)
Email: llp@lgplaw.com
Jessica B. Reyes (FBN 56894)
Email: jbr@lgplaw.com
**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
Tel: (305) 379-0400
Fax: (305) 379-9626
*Attorneys for Synchrony Bank*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 17th day of March, 2016, I caused the foregoing to be electronically filed with the Clerk of Court by using CM/ECF, which will send a notice of electronic filing of counsel of record.

Christopher W. Boss, Esq.
 Boss Law, 9887 4th Street North, Ste 202
Saint Petersburg, Florida 33702

By:    */s/   Jessica B. Reyes*                        
           JESSICA B. REYES

# EXHIBIT "A"

# IN THE COUNTY COURT IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
## CIVIL DIVISION

### CASE NO. 16-CC-004350  Division I

**HEIDI BAKER**
            Plaintiff

vs

**SYNCHRONY FINANCIAL**
            Defendant        **SUMMONS**

DATE: 2/17/16
TIME 2:16 pm
SERVER INTLS: ER

THE STATE OF FLORIDA:
TO EACH SHERIFF OF THE STATE:

         **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on the Defendant(s) *whose name and address is*:

<div align="center">

**SYNCHRONY FINANCIAL**
**777 LONG RIDGE ROAD**
**STAMFORD CT  06902-1250**

</div>

         Each Defendant is required to serve written defenses to the complaint or petition on Plaintiff's attorney, *whose name and address is*:

         Printed: **CHRISTOPHER W BOSS, Esquire**
         Attorney for :**HEIDI BAKER**
         Address: **BOSS LAW**
         **9887 4TH ST N STE 202**
         **SAINT PETERSBURG FL  33702**
         Florida Bar No. 13183

---

> **If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the ADA Coordinator, Hillsborough County Courthouse, 800 E. Twiggs St., Room 604, Tampa, Florida 33602, (813) 272-7040, at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days; if you are hearing or voice impaired, call 711.**

SERVICE COPY

within 20 days after service of this summons on that defendant, exclusive of the day or service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

DATED on <u>February 9, 2016.</u>

PAT FRANK
As Clerk of the Court

*Dana Caranante*

Dana Caranante, Deputy Clerk
Prepared by Sylvia Young, Deputy Clerk
(813) 276-8100, ext. 4362

PAT FRANK
As Clerk of the Court
Civil Division
P.O. Box 1110
Tampa, Florida 33601

Filing # 37570267 E-Filed 02/09/2016 10:33:35 AM

### IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
### IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

HEIDI BAKER,                                          CASE NO.: 16-CC-004350
                                                      Division: I
     Plaintiff,

vs.

SYNCHRONY FINANCIAL,                                  <u>DEMAND FOR JURY TRIAL</u>

     Defendant.
_____/

### COMPLAINT

**COMES NOW**, Plaintiff, HEIDI BAKER (hereafter "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, SYNCHRONY FINANCIAL, (hereafter "Defendant"), and states as follows:

### PRELIMINARY STATEMENT

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA").

### GENERAL ALLEGATIONS

1.    Plaintiff is an individual residing in HILLSBOROUGH County, Florida.

2.    This is an action for damages greater than $5,000.00 but less than $15,000.00.

3.    Defendant is a consumer financial services company with headquarters in Connecticut.

4.    Defendant is a "Creditor", as defined by the FCCPA, Fla. Stat. § 559.55(5) and does business throughout the state of Florida, including HILLSBOROUGH County, Florida.

5.    Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

6.    The debt is a "consumer debt" as defined by the FCCPA, Fla. Stat. §559.55(6).

## FACTUAL ALLEGATIONS

7.    It is alleged by Defendant that Plaintiff owes a debt to Defendant relating to a Synchrony Financial Care Credit Account, Account No. ending in - 7408.

8.    Plaintiff revoked any prior express consent to contact Plaintiff via cell phone or any other form of communication on July 15, 2015 at 3:49 P.M., through a facsimile transmission to Defendant's facsimile no. (866) 260-0767. See facsimile confirmation attached as Exhibit "A."

9.    Plaintiff's cellular telephone number ends in - 5659.

10.    Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice from Plaintiff to cease any and all calls.

11.    Defendant knowingly or willfully called Plaintiff's cellular telephone after Defendant had unequivocal notice that Plaintiff was represented by an attorney and could readily ascertain the Firm's contact information.

12.    Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff's cellular telephone on the following dates and times listed on the call logs of Plaintiff attached as Exhibit "B."

13.    Plaintiff's attorney did not fail to respond within a reasonable period of time to any communication from Defendant, did not consent to Defendant's direct communication with Plaintiff, and Plaintiff did not initiate any communications.

14.    None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

15.   None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

16.   All conditions precedent to the filing of this lawsuit have been performed or have occurred.

## COUNT I
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)

17.   Plaintiff incorporates all allegations in the previous paragraphs as if stated fully herein.

18.   Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

19.   Defendant violated Florida Statute § 559.72(7) when it willfully communicated with the Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

20.   Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone after being notified to no longer call Plaintiff through any means.

**WHEREFORE**, Plaintiff, HEIDI BAKER, demands judgment against Defendant, SYNCHRONY FINANCIAL, for the following relief:

a.   any actual damages sustained by Plaintiff as a result of the above allegations;

b.   additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.   pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.   in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

## COUNT II
## VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(18)

21.     Plaintiff incorporates all allegations in the previous paragraphs as if stated fully herein.

22.     Jurisdiction is proper pursuant to Florida Statute § 559.77(1).

23.     Defendant violated the FCCPA, Fla. Stat. § 559.72(18), when it knowingly communicated with Plaintiff after it knew Plaintiff was represented by counsel and could reasonably ascertain the name and address of counsel.

24.     Specifically, Defendant continued to place phone calls to Plaintiff's cellular telephone despite having actual knowledge that Plaintiff was represented by an attorney.

**WHEREFORE**, Plaintiff, HEIDI BAKER, demands judgment against Defendant, SYNCHRONY FINANCIAL, for the following relief:

a.      any actual damages sustained by Plaintiff as a result of the above allegations;

b.      additional statutory damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

d.      in the case of a successful action sustaining the liability of Defendant, pursuant to the FCCPA, Fla. Stat. § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

e.      any other relief the Court deems just and proper.

<u>COUNT III</u>
<u>VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)</u>

25.     Plaintiff incorporates all allegations in the previous paragraphs as if stated fully herein.

26.     Jurisdiction is proper pursuant to 47 U.S.C. § 227(b)(3).

27.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

28.     Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

29.     The phone calls made by Defendant are considered willing and knowing violations of the TCPA, as Defendant is well aware of the TCPA and its prohibitions.

**WHEREFORE,** Plaintiff, HEIDI BAKER, demands judgment against Defendant, SYNCHRONY FINANCIAL, for the following relief:

a.      *statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violations occurring after July 15, 2015 at 3:49 P.M.;*

b.      an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

c.      any other relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Dated this February 8, 2016

<div style="margin-left: 40%;">

**Boss Law**

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: cpservice@protectyourfuture.com
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**

</div>

Exhibit "A"

# Send Result Report

**KYOCERA**

MFP

TASKalfa 300ci

Firmware Version 2H7_2F00.013.006 2012.01.06

07/15/2015 15:54
[2J2_1000.024.001] [2H7_1100.002.001] [2H7_7000.013.006]

Job No.: 350953          Total Time: 0°01'26"          Page: 001

# Complete

Document:          doc20150715154803

---

July 15, 2015

*VIA FACSIMILE: 866-260-0767*

Synchrony Bank
170 West Election Rd. Suite 125
Draper, UT 84020

RE:   Account #: [        ]7408

To Whom It May Concern:

Please be aware that I represent Heidi Baker in regards to the above referenced account. They hired me to look into possible loss mitigation efforts, including modification of the repayment plan, considering he has had issues in the past in paying in a timely fashion. Please do not contact my client on any of their mobile, cellular devices or phone numbers regarding the

---

| No. | Date and Time | Destination | Times | Type | Result | Resolution/ECM |
|-----|---------------|-------------|-------|------|--------|----------------|
| 001 | 07/15/15 15:49 | 18662600767 | 0°01'26" FA) | OK | 200×100 Normal/On |

i

[ 0JE.04C4679 ]

July 15, 2015

*VIA FACSIMILE: 866-260-0767*

Synchrony Bank
170 West Election Rd. Suite 125
Draper, UT 84020

          **RE:**   Account #: ▓▓▓▓▓7408

To Whom It May Concern:

    Please be aware that I represent Heidi Baker in regards to the above referenced account. They hired me to look into possible loss mitigation efforts, including modification of the repayment plan, considering he has had issues in the past in paying in a timely fashion. Please do not contact my client on any of their mobile, cellular devices or phone numbers regarding the account. Rather, if you have any questions or concerns, please contact me at phone number (888) 783-4196, or send written correspondence to 9887 4th St. N., Suite 202, St. Petersburg, FL 33702.

    Thank you for your attention.

                         Sincerely,

                         Christopher W. Boss, Esq.

Exhibit "B"

| CALL LOG OF HEIDI BAKER | | |
|---|---|---|
| # | DATE/TIME | NUMBER |
| 1 | 7/17/15 AT 12:36 PM | 937-534-2092 |
| 2 | 7/17/15 AT 2:18 PM | 937-534-2092 |
| 3 | 7/17/2015 AT 4:37 PM | 937-534-2092 |
| 4 | 7/17/15 AT 7:16 PM | 937-534-2092 |
| 5 | 7/18/15 AT 8:31 AM | 937-534-2092 |
| 6 | 7/18/15 AT 10:46 AM | 937-534-2092 |
| 7 | 7/18/15 AT 1:41 PM | 937-534-2092 |
| 8 | 7/18/15 AT 4:07 PM | 937-534-2092 |
| 9 | 7/19/15 AT 11:14 AM | 937-534-2092 |
| 10 | 7/19/15 AT 1:32 PM | 937-534-2092 |
| 11 | 7/19/15 AT 3:55 PM | 937-534-2092 |
| 12 | 7/19/15 AT 5:29 PM | 937-534-2092 |
| 13 | 7/20/15 AT 8:18 AM | 937-534-2092 |
| 14 | 7/20/15 AT 12:53 PM | 937-534-2092 |
| 15 | 7/20/15 AT 3:00 PM | 937-534-2092 |

Filing # 37570267 E-Filed 02/09/2016 10:33:35 AM

### IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

HEIDI BAKER,

     Plaintiff,

vs.

SYNCHRONY FINANCIAL,

     Defendant.

CASE NO.: 16-CC-004350

Division: I

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT, SYNCHRONY FINANCIAL

    COMES NOW, Plaintiff, HEIDI BAKER (hereinafter referred to as the "Plaintiff"), by and through undersigned counsel, pursuant to Rule 1.350 of the Florida Rules of Civil Procedure, and hereby serves upon Defendant, SYNCHRONY FINANCIAL, (hereinafter referred to as the "Defendant"), the following Requests for Production of Documents. Defendant shall produce the requested documents for inspection and copying at the office of Boss Law, 9887 4th Street N., Ste. 202, St. Petersburg, FL 33702 in accordance with Rule 1.350 of the Florida Rules of Civil Procedure.

### DEFINITIONS

1.    As used herein, the term "Plaintiff" refers to HEIDI BAKER.

2.    As used herein, the term "Defendant" refers to SYNCHRONY FINANCIAL and any employee, agent or attorney for Defendant or any other person acting for or on behalf of Defendant, or under Defendant's authority and control including any servicing agent of Defendant, current or former.

3.    The words "you" and/or "your" as used in these requests mean the Defendant's corporation, banking institution, company, partnership, or anyone who engages in Collections on

1

Defendant's behalf as an employee, representative, or agent of the Defendant.

4.      "Agent" shall mean any agent, employee, officer, director, attorney, independent contractor, or any other person acting at the direction of or on behalf of another.

5.      "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

6.      The term "third party" or "third parties" refers to individuals or entities that are not parties to this action.

7.      The "Account", refers to Defendant's account number, loan number, or reference number ending - 7408.

8.      The word "document" shall mean any writing, recording, or photograph in your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, computer memory, e-mails, microfilms, videotapes, or tape recordings.

9.      The term "all documents" means every document or group of documents for communication as above defined known to you and every such document or communication which can be located or discovered by reasonably diligent efforts.

10.     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

11.     The term "action" shall mean the above-styled case, pending in the Circuit Court

2

in and for HILLSBOROUGH, Florida.

12.     "Collections" or "Collection Activity", refers to any and all attempts to collect monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters and posting accounts with Credit Reporting Agencies such as but not limited to TransUnion, Equifax, or Experian.

13.     The term "automatic telephone dialing system" shall be defined pursuant to the Telephone Consumer Practices Act, 47 U.S.C. § 227(a)(1).

14.     The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

## INSTRUCTIONS

15.     These document requests are continuing in character so as to require you to file supplementary answers if you obtain further or different information before any hearing as to entitlement to attorney's fees and costs and/or hearing as to the amount of attorney's fees and costs.

16.     You may provide true and correct copies in lieu of the provision of original documentation sought herein.

17.     You must provide the documentation requested within 30 days of receipt of this request or within 45 days after service of the process and initial pleading on the Defendant, in accordance with Rule 1.350 Florida Rules of Civil Procedure.  The documentation request must be provided at a mutually agreeable time and place.  To facilitate the timely receipt of your good faith responses, and to save mailing costs, the Plaintiff requests that the documentation be provided via e-service.

3

18.    If you object to any portion of this request as vague and/or ambiguous, you are instructed to correspond with the Undersigned to attempt to clarify same.  Common usage of terms and reasonable understanding of industry terminology should be applied and considered when responding to these requests.

19.    You must make a good faith and reasonably diligent inquiry to locate or obtain the requested documents before any assertion that you are not in possession of documentation responsive to these requests.

20.    All document(s) to which you withhold production (on the basis of privilege or otherwise) must be identified by:

    a.    Author(s);

    b.    Date;

    c.    Number of pages;

    d.    Recipient(s);

    e.    Brief description of subject matter; and

    f.    Factual or legal basis of claim privilege.

21.    All documents requested herein of which you are aware that have been destroyed, lost, placed beyond your control, or otherwise disposed of shall be identified by:

    a.    Author(s);

    b.    Date;

    c.    Number of pages;

    d.    Recipient(s);

    e.    Brief description of subject matter;

    f.    Reason for destruction or other disposition;

4

g.  Person authorizing destruction or other disposition; and

h.  Person destroying or otherwise disposing of document(s), and if not destroyed, person in possession of document.

22.   If you interpose an objection to providing the requested information please set forth the following:

a.  The entire basis for your objection including reference to any statutory, administrative rule/regulation, case law, or common law authority for such an objection.

b.  If your objection is based upon the work product doctrine, set forth the following information:

i.  Whether or not the requested information exists and the general nature of such items (ex. tape recording of Plaintiff, Video).

ii. IDENTIFY the individuals who have possession of the requested information.

iii. The date the requested information or items were created and the date same was obtained by you.

23.   If no date or time is specified, assume it to be a period beginning with the date in which this document is responded to extending through the period for three (3) years prior to that date.

## ITEMS TO BE PRODUCED

1.   Any and all collection comments, servicer notes, loss mitigation notes, customer service notes, telephone logs, or any other compilation of file notes made at or near the time of

5

transactions or communications associated with the Account for the period of July 15, 2015 at 3:49 P.M., through and including, the date of service of this request.

2.     If not produced in response to Request for Production #1, any documentation evidencing oral communications, including, but not limited to, telephone logs or similar, between you and Plaintiff concerning the Account.

3.     If not produced in response to Request for Production #1, any documentation evidencing any Collection Activity and/or Customer Service Activity concerning the Account.

4.     Any and all written documentation including, but not limited to, correspondence, statements, coupon books, invoices, flyers, mailers, door hangers, emails, and notices, sent from or on behalf of Defendant to Plaintiff since July 15, 2015 at 3:49 P.M..

5.     If Defendant intends to raise the bona fide error defense, any and all policies or procedures supporting the defense.

6.     If Defendant intends to raise the bona fide error defense, any and all training materials used or utilized by Defendant concerning compliance with any and all policies or procedures supporting the defense.

7.     Copies of all lawsuit complaints filed within the last three (3) years alleging violations of the Telephone Consumer Protection Act (TCPA), filed against Defendant, any predecessor, successor, or affiliated entity of Defendant, or against any officer, director, manager, employee, contractor, or agent of Defendant.

8.     Copies of any and all phone records, logs, or notes, whether written or electronic documenting any and all phone calls made by the Defendant to Plaintiff, made by Defendant to any telephone number associated with the Account, or made by the Plaintiff to the Defendant.

9.      Any and all audio recordings of any and all telephone calls made by the Defendant to Plaintiff, made by Defendant to any telephone number associated with the Account, or made by the Plaintiff to the Defendant.

10.     Documents that identify the telephone dialing system, including, but not limited to, the user manual of the telephone dialing system that Defendant used to make calls to Plaintiff for the period of July 15, 2015 at 3:49 P.M., through and including the date of service of this request.

11.     Fax receipt confirmation logs for Defendant's Fax Number(s): 866-260-0767 for the date of July 15, 2015 at 3:49 P.M.

12.     Documents that identify the practices and procedures in effect to prevent telephone solicitations in violation of the regulations prescribed under the Telephone Consumer Protection Act (TCPA) for the time period from July 15, 2015 at 3:49 P.M. through and including the date of service of this request.

13.     If Defendant contends any person or entity other than Defendant is, or may be liable, in whole or part, for the claims asserted against Defendant in this lawsuit, any documents that support such contention.

14.     Any and all documentation within the care, custody, or control of the Defendant that would show a cease and desist on the Account for contact with the Plaintiff directly.

15.     Any and all documentation within the care, custody, or control of the Defendant that would show the phone numbers on record for the Account to be dialed by Defendant for contacting Plaintiff, and/or Plaintiff's agent.

16.    Any and all documentation within the care, custody, or control of the Defendant that would show Plaintiff's third party authorization and/or attorney representation for the Account.

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that a true and correct copy of the foregoing has been served simultaneously with a copy of the Summons, Complaint, Request for Admissions, Request for Interrogatories and Notice thereof, via hand delivery of process server to: Synchrony Financial, 777 Long Ridge Road, Stamford, CT 06902-1250.

**BOSS LAW**

*/s/ Christopher W. Boss*
**Christopher W. Boss, Esq.**
Fla. Bar No.: 013183
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Service Email: cpservice@protectyourfuture.com
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**

8

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

HEIDI BAKER,

     Plaintiff,

vs.                             CASE NO.: 16-CC-004350
                                     Division: I

SYNCHRONY FINANCIAL,

     Defendant.

_____/

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, SYNCHRONY FINANCIAL

COMES NOW, the Plaintiff, HEIDI BAKER, by and through the undersigned attorney, pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, and hereby serves upon Defendant, SYNCHRONY FINANCIAL, the following interrogatories to be answered separately, in writing, and under oath in accordance with Rule 1.340 of the Florida Rules of Civil Procedure.

### DEFINITIONS

1.     As used herein, the term "Plaintiff" refers to HEIDI BAKER.

2.     As used herein, the term "Defendant" refers to SYNCHRONY FINANCIAL and any employee, agent or attorney for Defendant or any other person acting for or on behalf of Defendant, or under Defendant's authority and control including any servicing agent of Defendant, current or former.

3.     The words "you" and/or "your" as used in these requests mean the Defendant's corporation, banking institution, company, partnership, or anyone who engages in Collections on Defendant's behalf as an employee, representative, or agent of the Defendant.

4.     "Agent" shall mean any agent, employee, officer, director, attorney, independent

contractor, or any other person acting at the direction of or on behalf of another.

5.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

6.     The term "third party" or "third parties" refers to individuals or entities that are not parties to this action.

7.     The "Account", refers to Defendant's account number, loan number, or reference number ending -7408.

8.     The word "document" shall mean any writing, recording, or photograph in your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, computer memory, e-mails, microfilms, videotapes, or tape recordings.

9.     The term "all documents" means every document or group of documents for communication as above defined known to you and every such document or communication which can be located or discovered by reasonably diligent efforts.

10.     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

11.     The term "action" shall mean the above-styled case, pending in the Circuit Court in and for HILLSBOROUGH, Florida.

12.     "Collections" or "Collection Activity", refers to any and all attempts to collect

monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters and posting accounts with Credit Reporting Agencies such as, but not limited to, TransUnion, Equifax, or Experian.

13.     The term "automatic telephone dialing system" shall be defined pursuant to the Telephone Consumer Practices Act, 47 U.S.C. § 227(a)(1).

14.     The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

15.     These requests are continuing in character so as to require you to file supplementary answers if you obtain further or different information before any hearing as to entitlement to attorney's fees and costs and/or hearing as to the amount of attorney's fees and costs.

16.     If you object to any portion of this request as vague and/or ambiguous, you are instructed to correspond with the Undersigned to attempt to clarify same.  Common usage of terms and reasonable understanding of industry terminology should be applied and considered when responding to these requests.

17.     You may, in lieu of answering an interrogatory, identify any document or written communication that contains the information requested and attach a true copy of each document as an exhibit to the answers to these interrogatories. On each occasion in which you wish to attach a document as your answer to an interrogatory, you must identify the portion of the document that answers the interrogatory and label the document with the correspondingly numbered interrogatory.

18.     It is insufficient to merely claim that you do not possess the information necessary

to respond to the interrogatory. If you lack the information necessary to answer any of the interrogatories, please describe the specific efforts made by you or anyone on your behalf to ascertain the information and state as definitely as possible when you anticipate obtaining the information and supplementing your response. All requested information must be divulged that may be obtained by a good faith effort or that is in your possession or in the possession of your agents, accountants, attorneys, and all other persons acting or purporting to act on your behalf.

19. If you object to an interrogatory because of any privilege, you must nevertheless provide the following information unless divulging the information would disclose privileged information:

    a.   The nature of the privilege claimed (including work product);

    b.   If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

    c.   The date of any document or information related to the failure to admit;

    d.   The type of document or information related to the failure to admit (i.e., correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee; and

    e.   The general subject matter of the document, oral communication, or information related to the interrogatory, including the facts in support of any raised objection.

20. This request is intended to cover all information or knowledge within the

possession of the party to whom this request is directed, including information within the possession, custody, or control of the party's attorneys, accountants, investigators, experts, employees, agents, and such other persons as are employed or retained on the party's behalf.

21.     If no date or time is specified, assume it to be a period beginning with the date in which this document is responded to extending through the period for three (3) years prior to that date.

## INTERROGATORIES TO DEFENDANT

1.     State the name(s) and address(es) of each person responding to these Interrogatories, or in any way assisting with the preparation of the responses to these Interrogatories, and if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

Answer:

2.     For each person who has had any involvement in any manner in any efforts on Defendant's behalf to collect or attempt to collect any debt(s) purportedly owed to Defendant, state his/her name, position, work address and telephone numbers, the nature and purpose of his/her involvement, and the time period during which that person was involved.

Answer:

3.      For each telephone call or attempted telephone call Defendant made to Plaintiff since July 15, 2015 at 3:49 P.M. please IDENTIFY Defendant's employee or representative who called Plaintiff, and provide the date(s) and time(s) of any such call.

**Answer:**

4.      Identify each person responsible for formulating, supervising, or enforcing Defendant's policies, procedures, and practices concerning Telephone Consumer Protection Act (TCPA) compliance.

**Answer:**

5.      Identify the automatic telephone dialing system that Defendant used to make calls to Plaintiff after July 15, 2015 at 3:49 P.M., including the type of equipment, the name of the equipment, the model number of the equipment, if applicable, and the location of the automatic telephone dialing system.

**Answer:**

6.       Identify all documents relevant to, related to, or reflecting any aspect of any efforts undertaken by Defendant to collect any debt(s) from Plaintiff, or to any debt(s) purportedly owed by Plaintiff to Defendant from July 15, 2015 at 3:49 P.M. through current.

**Answer:**

7.       Identify all phone recordings, after July 15, 2015 at 3:49 P.M., Defendant has ever possessed in relation to the Plaintiff in this action, including the date of the recording.

**Answer:**

8.       Describe the policy and/or procedure(s) Defendant has implemented regarding the investigation of complaints it receives about violations of the Telephone Consumer Protection Act (TCPA) for the past three (3) years.

**Answer:**

9.      Identify all lawsuits, within the last three (3) years, alleging any violations of the Telephone Consumer Protection Act (TCPA) or the Florida Consumer Collections Practices Act, Fla. Stat, 559.77, filed against Defendant, any predecessor, successor, or affiliated entity of Defendant, or against any officer, director, manager, employee, contractor, or agent of Defendant, listing the name of the Plaintiff, Defendant(s), case number or designation, court where filed, date filed, disposition, date of disposition, and all actions taken by Defendant as a result.

    **Answer:**

10.     Identify all complainants, within the last three (3) years, including but not limited to individuals, businesses, offices of any federal agency, and/or offices of any state agency or any political subdivision thereof, who have made any type of complaint against Defendant, any predecessor or successor to Defendant, or against any officer, director, manager, employee or contractor of Defendant, complaining of any alleged violation(s) of the Telephone Consumer Protection Act (TCPA) or the Florida Consumer Collections Practices Act, Fla. Stat, 559.77, regardless of whether suit arose out of such complaints, fully identifying the complainant by name, address, and telephone number, and stating the nature of the complaint(s), the disposition, date of disposition and all actions taken by Defendant as a result.

    **Answer:**

11.    If Defendant contends that the Telephone Consumer Protection Act (TCPA) does not apply to Defendant, or that the acts alleged in the Complaint are not covered or regulated by the Telephone Consumer Protection Act (TCPA), describe fully all such contention(s) and the facts on which Defendant bases such contention(s) and state the source of this information.

**Answer:**

12.    If Defendant contends any person or entity other than Defendant is, or may be liable, in whole or part for the claims asserted against Defendant in this lawsuit, state the full name and address of each such person or entity, the legal basis for Defendant's contention, the facts or evidence upon which Defendant's contention is based, and whether or not Defendant has notified each such person or entity of Defendant's contention.

**Answer:**

13.    State the name(s) and address(es) of each and every person whom Defendant intends to call as an expert witness at the trial or other proceeding of this case, and identify the witness' qualifications as an expert, the subject matter upon which the witness is expected to testify, the substance of the facts and opinions to which the witness is expected to testify, and a summary of the grounds for each opinion.

**Answer:**

14.    Identify any agreement that Defendant has made with any person or entity that would limit that party's liability to anyone for any of the damages sued upon in this case? If so, state the terms of the agreement and the parties to it.

**Answer:**

15.   State with particularity all facts which support the denial of any request for admission with regard to Plaintiffs First Request for Admission (served contemporaneously with these Interrogatories) and with respect to the facts supporting the denial of any of the aforementioned requests for admissions, please also:

**Answer:**

a.   *IDENTIFY persons with knowledge of the facts supporting the denial;*

**Answer:**

b.   DESCRIBE all documents that reflect or establish the facts supporting the denial.

**Answer:**

_____
Defendant

STATE OF _____
COUNTY OF _____

The foregoing instrument was acknowledged before me this ___ day of _____ _____, 2016 by _____who is personally known to me or has produced _____ as identification and who (did/did not) take an oath.


_____
Notary Public
Commission No.:

Filing # 37570267 E-Filed 02/09/2016 10:33:35 AM

### IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
### IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

HEIDI BAKER,

      Plaintiff,

vs.                           CASE NO.: 16-CC-004350
                                  Division: I

SYNCHRONY FINANCIAL,

      Defendant.

_____/

## NOTICE OF SERVICE OF PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT, SYNCHRONY FINANCIAL

COMES NOW, Plaintiff, HEIDI BAKER, by and through the undersigned counsel pursuant to Rule 1.310, Fla.R.Civ.P., and hereby gives notice of service of Plaintiff's First Set of Interrogatories to Defendant, SYNCHRONY FINANCIAL.

## CERTIFICATE OF SERVICE

I, HEREBY CERTIFY, that a true and correct copy of the foregoing has been served simultaneously with a copy of the Summons, Complaint, Request for Production, Request for Admissions, and Request for Interrogatories, via hand delivery of process server to: Synchrony Financial, 777 Long Ridge Road, Stamford, CT 06902-1250.

BOSS LAW

/s/ Christopher W. Boss
**Christopher W. Boss, Esq.**
Fla. Bar No.: 13183
Service Email: CPservice@protectyourfuture.com
9887 4th Street North, Suite 202
St. Petersburg, Florida 33702
Phone: (727) 471-0039
Fax: (727) 471-1206
*Attorney for Plaintiff*

Filing # 37570267 E-Filed 02/09/2016 10:33:35 AM

IN THE COUNTY COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA

HEIDI BAKER,

      Plaintiff,

vs.                                CASE NO.: 16-CC-004350
                                     Division: I

SYNCHRONY FINANCIAL,

      Defendant.

_____/

## PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, SYNCHRONY FINANCIAL

      COMES NOW, Plaintiff, HEIDI BAKER (hereinafter referred to as the "Plaintiff"), by and through undersigned counsel, pursuant to Rule 1.370 of the Florida Rules of Civil Procedure, and hereby serves upon Defendant, SYNCHRONY FINANCIAL, (hereinafter referred to as the "Defendant"), the following Requests for Admissions. Defendant shall respond to the following request for admissions in accordance with Rule 1.370 of the Florida Rules of Civil Procedure.

### DEFINITIONS

    1.    As used herein, the term "Plaintiff" refers to HEIDI BAKER.

    2.    As used herein, the term "Defendant" refers to SYNCHRONY FINANCIAL and any employee, agent or attorney for Defendant or any other person acting for or on behalf of Defendant, or under Defendant's authority and control including any servicing agent of Defendant, current or former.

    3.    The words "you" and/or "your" as used in these requests mean the Defendant's corporation, banking institution, company, partnership, or anyone who engages in Collections on Defendant's behalf as an employee, representative, or agent of the Defendant.

    4.    "Agent" shall mean any agent, employee, officer, director, attorney, independent

1

contractor, or any other person acting at the direction of or on behalf of another.

5.     "Person" shall mean any individual, corporation, proprietorship, partnership, trust, association, or any other entity.

6.     The term "third party" or "third parties" refers to individuals or entities that are not parties to this action.

7.     The "Account", refers to Defendant's account number, loan number, or reference number ending - 7408.

8.     The word "document" shall mean any writing, recording, or photograph in your actual or constructive possession, custody, care, or control, which pertains directly or indirectly, in whole or in part, either to any of the subjects listed below or to any other matter relevant to the issues in this action, or which are themselves listed below as specific documents, including, but not limited to: correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, computer memory, e-mails, microfilms, videotapes, or tape recordings.

9.     The term "all documents" means every document or group of documents for communication as above defined known to you and every such document or communication which can be located or discovered by reasonably diligent efforts.

10.     The words "pertain to" or "pertaining to" mean: relates to, refers to, contains, concerns, describes, embodies, mentions, constitutes, constituting, supports, corroborates, demonstrates, proves, evidences, shows, refutes, disputes, rebuts, controverts, or contradicts.

11.     The term "action" shall mean the above-styled case, pending in the Circuit Court in and for HILLSBOROUGH, Florida.

12.     "Collections" or "Collection Activity", refers to any and all attempts to collect

2

monies allegedly owed with regard to consumer debts or accounts by whatever means, including but not limited to phone calls, letters and posting accounts with Credit Reporting Agencies such as, but not limited to, TransUnion, Equifax, or Experian.

13.     The term "automatic telephone dialing system" shall be defined pursuant to the Telephone Consumer Practices Act, 47 U.S.C. § 227(a)(1).

14.     The singular shall include the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; and the term "including" means "including without limitation."

## INSTRUCTIONS

15.     Pursuant to Florida Rule of Civil Procedure 1.370, you are requested and instructed to either admit or deny the truth of the matters set forth hereafter, and/or to either admit or deny the genuineness of the documents referenced hereafter, whichever is applicable.

16.     To the extent you object to any individual request, you should specifically state the basis for such objection, that portion of the request to which such objection applies, and respond to the portion to which the objection does not apply.

17.     If you object to a request for admission based on any claim of privilege, work product, or other immunity, you must nevertheless provide the following information, unless divulging the information would disclose privileged information, in a sufficient amount of detail to be resolved in a motion to compel:

   a. The nature of the privilege claimed (including work product);

   b. If the privilege is being asserted in connection with a claim or defense governed by state law, the state privilege rule being invoked;

   c. The date of any document or information related to the failure to admit;

3

d. The type of document or information related to the failure to admit (i.e., correspondence, memorandum, facsimile etc.), custodian, location, and such other information sufficient to identify the document for a subpoena duces tecum or a document request, including where appropriate the author, the addressee, and, if not apparent, the relationship between the author and addressee; and

e. The general subject matter of the document, oral communication, or information related to the failure to admit.

18. Any admission or denial of any request shall specifically admit or deny the matter set forth or shall set forth in detail the reasons why you are unable to either admit or deny the matter requested. A denial shall fairly meet the substance of the requested admission, and you may not give lack of information or knowledge as a reason for failing to admit or deny that which is requested unless you have made a reasonable inquiry and the information known or readily obtainable by you is sufficient to enable you to either admit or deny the matter requested.

19. This request is intended to cover all information or knowledge within the possession of the party to whom this request is directed, including information within the possession, custody, or control of the party's attorneys, accountants, investigators, experts, employees, agents, and such other persons as are employed or retained on the party's behalf.

20. If you object to any portion of this request as vague and/or ambiguous, you are instructed to correspond with the Undersigned to attempt to clarify same. Common usage of terms and reasonable understanding of industry terminology should be applied and considered when responding to these requests.

21. If no date or time is specified, assume it to be a period beginning with the date in

4

which this document is responded to extending through the period for three (3) years prior to that date.

## REQUESTED ADMISSIONS

1.    Admit that the Debt which is the subject of the above styled action was at all material times a "consumer debt" as defined by the FCCPA, Florida Statute §559.55(6)

2.    Admit that on or about July 15, 2015 at 3:49 P.M., Defendant received notice of Exhibit "A" to Plaintiff's Complaint pursuant to the facsimile transmission to Defendant as confirmed by Exhibit "A".

3.    Admit that Exhibit "A" to Plaintiff's Complaint expressly revoked any prior permission or authority that Defendant may have had, allowing Defendant to contact Plaintiff via her cellular or mobile telephone.

4.    Admit that Plaintiff revoked any prior express consent to contact Plaintiff via cellular telephone or any other form of communication on July 15, 2015 at 3:49 P.M.

5.    Admit that Defendant contacted Plaintiff via Plaintiff's cellular phone after July 15, 2015 at 3:49 P.M.

6.    Admit that Defendant used an automatic telephone dialing system to place phone calls to Plaintiff's cellular telephone after July 15, 2015 at 3:49 P.M.

7.    Admit that Defendant used an artificial or prerecorded voice to place phone calls to Plaintiff's cellular telephone after July 15, 2015 at 3:49 P.M.

8.    Admit that Defendant used an automatic telephone dialing system to place phone calls to Plaintiff after July 15, 2015 at 3:49 P.M. that were not for an emergency purpose.

9.    Admit that Defendant knew that Plaintiff was represented by an attorney after July 15, 2015 at 3:49 P.M. and could reasonably ascertain the name and address of the attorney.

5

10.     Admit that Defendant maintains an internal record of all telephone calls placed to Plaintiff.

**SPECIAL REQUEST FOR PRODUCTION:**
**PRODUCE THE FOREGOING ONLY IF ADMISSION #10 IS ADMITTED**

Produce any and all documents that contain records of all telephone calls placed to Plaintiff beginning July 15, 2015 at 3:49 P.M. through current.

11.     Admit that Defendant maintains an internal record of all telephone calls placed to Plaintiff's cellular telephone made using an automatic telephone dialing system or an artificial prerecorded voice.

**SPECIAL REQUEST FOR PRODUCTION:**
**PRODUCE THE FOREGOING ONLY IF ADMISSION #11 IS ADMITTED**

Produce any all documents evidencing that the telephone calls placed as alleged were made with an automatic telephone dialing system or an artificial prerecorded voice, including, but not limited to a computer.

**CERTIFICATE OF SERVICE**

I, HEREBY CERTIFY, that a true and correct copy of the foregoing has been served simultaneously with a copy of the Summons, Complaint, Request for Production, Request for Interrogatories and Notice thereof, via hand delivery of process server to: Synchrony Financial, 777 Long Ridge Road, Stamford, CT 06902-1250.

**BOSS LAW**

*/s/ Christopher W. Boss*
Christopher W. Boss, Esq.
 Fla. Bar No,: 013183
9887 Fourth Street North, Suite 202
St. Petersburg, Florida 33702
Service Email: cpservice@protectyourfuture.com
Phone: (727) 471-0039
Fax:    (888) 503-2182
**Attorney for Plaintiff**

6

<div align="center">

**IN THE COUNTY COURT IN AND FOR**
**HILLSBOROUGH COUNTY, FLORIDA**

***CIVIL DIVISION***

CASE NO.: 16-CC-004350 Div. I

</div>

HEIDI BAKER,

                      Plaintiff,

v.

SYNCHRONY FINANCIAL,

                      Defendant.

_____/

<div align="center">

**SYNCHRONY FINANCIAL'S UNOPPOSED MOTION FOR**
**EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT**

</div>

Defendant Synchrony Financial, formerly known as GE Capital Retail Bank ("Synchrony") respectfully requests, with concurrence of Plaintiff's counsel a 10-day extension of time for Synchrony to file its response to Plaintiff's Complaint. In support of this request, Synchrony states as follows:

1.      Plaintiff served Synchrony with her Complaint on February 17, 2016.

2.      Pursuant to the Florida Rules of Civil Procedure, Synchrony has up through and including March 8, 2016, within which to answer or otherwise respond to the Plaintiff's Complaint.

3.      Undersigned counsel seeks a 10-day extension of this deadline to fully research the allegations contained in the Complaint and respond thereto.

4.      Undersigned counsel has conferred in good faith with counsel for Plaintiff, who has consented to an extension for Defendant to respond to the Complaint.

<div align="center">

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130   (305) 379-0400

</div>

CASE NO.: 16-CC-004350 Div. I

     5.     The requested 10-day extension is not sought for the purposes of delay and will likely facilitate settlement discussions between the Parties.  Plaintiff will suffer no prejudice from the requested extension.

     WHEREFORE, based upon the foregoing, Defendant Synchrony Financial, formerly known as GE Capital Retail Bank respectfully requests Synchrony be granted an extension of time up to and including March 18, 2016, within which to file its response to Plaintiff's Complaint.

Respectfully submitted,

**LIEBLER, GONZALEZ & PORTUONDO**
*Attorneys for Defendant Synchrony Financial*
Courthouse Tower - 25th Floor
44 West Flagler Street
Miami, FL 33130
(305) 379-0400
Primary Email: service@lgplaw.com

By: /s/ JESSICA B. REYES, ESQ.
     LAUDY LUNA PEREZ
     Florida Bar No. 044544
     JESSICA B. REYES
     Florida Bar. No. 56894

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on this 7th day of March, 2016, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: Christopher W. Boss, Esq., Boss Law, 9887 4th Street North, Ste 202, Saint Petersburg, Florida 33702.

/s/ JESSICA B. REYES
JESSICA B. REYES

# IN THE COUNTY COURT IN AND FOR
# HILLSBOROUGH COUNTY, FLORIDA

## *CIVIL DIVISION*

### CASE NO.: 16-CC-004350 Div. I

HEIDI BAKER,

        Plaintiff,

v.

SYNCHRONY FINANCIAL,

        Defendant.

_____/

## NOTICE OF APPEARANCE AS COUNSEL AND
## REQUEST FOR SERVICE OF PAPERS

    **PLEASE TAKE NOTICE** that the law firm LIEBLER, GONZALEZ & PORTUONDO**,** hereby enters its appearance as counsel for Defendant SYNCHRONY FINANCIAL, in these proceedings.  All parties are requested to take notice of the appearance of undersigned counsel and to serve all copies of any and all motions, orders, pleadings, papers, reports, and/or documents of any kind or nature upon the undersigned counsel.

                              Respectfully submitted,

                              **LIEBLER, GONZALEZ & PORTUONDO**
                              *Attorneys for Defendant Synchrony Financial*
                              Courthouse Tower - 25th Floor
                              44 West Flagler Street
                              Miami, FL 33130
                              (305) 379-0400
                              Primary Email: service@lgplaw.com

By:    /s/ JESSICA B. REYES, ESQ.        
           LAUDY LUNA PEREZ
           Florida Bar No. 044544
           JESSICA B. REYES
           Florida Bar. No. 56894

CASE NO.: 16-CC-004350 Div. I

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that on this <u>3rd</u> day of March, 2016, I electronically filed the foregoing with the Clerk of Courts by using the Florida Courts E-filing Portal which will send a notice of electronic filing to the following: Christopher W. Boss, Esq., Boss Law, 9887 4th Street North, Ste 202, Saint Petersburg, Florida 33702.

/s/ JESSICA B. REYES
JESSICA B. REYES

**LIEBLER, GONZALEZ & PORTUONDO**
Courthouse Tower - 25th Floor, 44 West Flagler Street, Miami, FL 33130    (305) 379-0400



COMPREHENSIVE CASE INFORMATION SYSTEM

Pat Frank, Clerk of the Circuit Court & Comptroller

HILLSBOROUGH COUNTY

CCIS

eportaluser

Back | Expand All

**Images are unavailable.**

| Case Number | Filed Date | County | Case Type | Status |
|---|---|---|---|---|
| 292016CC004350A001HC [16-CC-004350] | 02/09/2016 | HILLSBOROUGH | | Open |

| Party Name | Party Type | Attorney | Bar ID |
|---|---|---|---|
| OBER, JOELLE A | JUDGE | | |
| REYES, JESSICA B | ATTORNEY | | |
| BAKER, HEIDI | PLAINTIFF | BOSS, CHRISTOPHER WILLIAM EDWIN | 13183 |
| SYNCHRONY FINANCIAL | DEFENDANT | REYES, JESSICA B | 56894 |
| BOSS, CHRISTOPHER W ESQ | ATTORNEY | | |

**Dockets**

Page : 1    10

| Image | Document # | Action Date | Description | Pages |
|---|---|---|---|---|
| | | 02/09/2016 | FILE HOME LOCATION IS TAMPA | |
| | | 02/09/2016 | COMPLAINT | 9 |
| | | 02/09/2016 | REQUEST FOR DIVISION ASSIGNMENT (E-FILING) | 1 |
| | | 02/09/2016 | REQUEST FOR ADMISSIONS | 6 |
| | | 02/09/2016 | REQUEST FOR PRODUCTION | 8 |
| | | 02/09/2016 | NOTICE OF SERVICE OF INTERROGATORIES | 1 |
| | | 02/09/2016 | NO SUMMONS ISSUED | 1 |
| | | 02/09/2016 | E-FILED REQUEST FOR SUMMONS TO BE ISSUED | 1 |
| | | 02/09/2016 | E-FILED 20 DAYS SUMMONS ISSUED | 2 |
| | | 02/29/2016 | AFFIDAVIT OF SERVICE RETURNED SERVED | 1 |

**Court Events**

**Sentences**

**Financial Summary**

Case 8:16-cv-00645-EAK-JSS   Document 1   Filed 03/18/16   Page 49 of 49 PageID 49